T.C. Summary Opinion 2005-54


UNITED STATES TAX COURT


NOEL COLSTOCK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22258-03S.          Filed April 25, 2005.


Noel Colstock, pro se.

Miriam C. Dillard, for respondent.


DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court,

and this opinion should not be cited as authority.

Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $3,494.

The issues for decision are whether petitioner is entitled to: (1) A dependency exemption deduction, (2) the earned income credit, (3) head of household filing status, and (4) the child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Miami, Florida.

Although he was married, petitioner filed as head of household and reported income of $14,605 on his 2002 Federal income tax return. Petitioner has a child with Ms. Linda White Johnson (Ms. Johnson), who is not his wife. He claimed a dependency exemption deduction for this daughter, LJ.[1] He also claimed a child tax credit of $171, an earned income credit of $2,329, and an additional child tax credit of $426.

Respondent issued a notice of deficiency determining that petitioner is not entitled to head of household filing status, the claimed dependency exemption deduction, or any of the credits applicable to the child for 2002 because he failed to

---

[1]The Court only uses the minor child's initials.

substantiate his claims.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 7491 does not apply because petitioner has failed to substantiate his deductions and provide credible evidence.

1. Dependency Exemption Deductions

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. As relevant here, section 152(a) defines a dependent to include a son or daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a claimed dependent from all sources for the year and demonstrate that he provided over half of this amount. See Archer v.

Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, supra at 514; sec. 1.152-1(a)(1), Income Tax Regs. The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner claims that LJ lived with him for the entire year. Petitioner also claims that he provided for LJ by giving money to her mother, Ms. Johnson. Petitioner has provided no evidence at all regarding any amounts he may have expended to care for LJ.

The Court sustains respondent's determination that petitioner is not entitled to a dependency exemption deduction for LJ for 2002.

2.  Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. The credit is calculated as a percentage of the individual's earned

income.  Sec. 32(a)(1).  Section 32(a)(2) and (b) limit the credit allowed based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year".  A qualifying child includes a son or daughter of the taxpayer who has the "same principal place of abode as the taxpayer for more than one-half of such taxable year".  Sec. 32(c)(3)(A)(ii) and (B)(i)(I).

Ms. Johnson testified that LJ lived with her during 2002 and that they did not live with petitioner.  Petitioner has failed to prove that LJ lived with him; therefore, the Court finds that LJ is not a qualifying child under section 32(c)(3)(A)(ii).

A taxpayer with no qualifying children may be eligible for the earned income credit subject to, among other things, the phaseout limitations of section 32(a)(2).  Merriweather v. Commissioner, T.C. Memo. 2002-226; Briggsdaniels v. Commissioner, T.C. Memo. 2001-321.  For 2002, the earned income credit is completely phased out under section 32(a) for a taxpayer with no qualifying children if the taxpayer's earned income and adjusted gross income is more than $5,280 (or $6,280 for married individuals filing jointly).  See sec. 32(a) and (b). Petitioner's earned income for 2002 was $14,605.

Finally, section 32 requires that a married individual must file a joint return with the individual's spouse for the year for which the credit is claimed. Sec. 32(d); sec. 1.32-2(b)(2), Income Tax Regs. For purposes of section 32(a), a taxpayer's marital status is determined under section 7703. Section 7703(b) provides, in pertinent part, that a married person whose spouse did not live with him for the last 6 months of the taxable year is not considered as married. Sec. 7703(b)(3).

Petitioner testified that during 2002, he was married to a woman other than Ms. Johnson, but that his wife was not living with him. He failed, however, to present any other evidence other than his oral testimony that his wife did not live with him during the last 6 months of the year. The Court, therefore, concludes that petitioner was married during 2002. Since petitioner and his wife did not file a joint return, and petitioner's earned income exceeds the phaseout amount, the Court concludes that he is not entitled to claim an earned income credit for 2002.

3. Head of Household Filing Status

Section 1(b) imposes a special tax rate on individuals filing as head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his home a household that for more than one-half of the taxable year constitutes the principal place of abode of an

unmarried daughter.  Sec. 2(b)(1)(A)(i).

As a married individual, petitioner is not entitled to claim head of household filing status for 2002.  Respondent's determination is sustained.

## 4.  Child Tax Credit

For the taxable year 2002, taxpayers are allowed to claim a tax credit of $600 for each qualifying child.  Sec. 24(a).  The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child.  If one of the qualifications is not met, the claimed child tax credit must be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

As stated supra p. 4, the Court has sustained respondent's determination that petitioner is not entitled to a dependency exemption deduction for LJ.  Thus, petitioner fails the first prong of the test of section 24.  The Court sustains respondent's determination regarding the section 24 child tax credits.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.